UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MANUEL ALBERTO CARRILLO-MORENO, | § | |
| Fed. Reg. No. 15158-280, | § | |
|     Movant, | § | |
| | § | |
| v. | § | EP-16-CV-24-KC |
| | § | EP-12-CR-1283-KC |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Movant Manuel Alberto Carrillo-Moreno's *pro se* motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 (ECF No. 42).[1] In his motion, Carrillo challenges the seventy-month sentence imposed by the Court after he pleaded guilty to illegally re-entering the United States after his removal. Mindful of Carrillo's *pro se* status,[2] the Court understands him to allege his counsel provided constitutionally ineffective assistance when they failed to investigate his claim to United States citizenship, and the Court lacked subject-matter jurisdiction because of his United States citizenship. Upon reviewing the record and for the reasons discussed below, the Court concludes that Carrillo's § 2255 motion is time-barred. The Court will accordingly deny his motion and dismiss his civil cause with prejudice. The Court will additionally deny him a certificate of appealability.

---

[1] "ECF No." in this context refers to the Electronic Case Filing number for documents docketed in EP-12-CR-1283-KC. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

[2] *See* Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers); *see also* Franklin v. Rose, 765 F.2d 82, 85 (6th Cir. 1985) (explaining liberal construction allows active interpretation of a *pro se* pleading to encompass any allegation which may raise a claim for federal relief).

**APPLICABLE LAW**

A § 2255 motion to vacate, set aside, or correct a sentence is subject to a one-year limitations period.[3] A federal prisoner must file his motion within one year from the date on which (1) the judgment became final;[4] (2) the government-created impediment to filing the motion was removed;[5] (3) the United States Supreme Court initially recognized, and made retroactively applicable to cases on collateral review, the legal predicate for the motion;[6] or (4) the petitioner could have discovered, through due diligence, the factual predicate for the motion.[7]

The one-year limitations period is not jurisdictional and is subject to equitable tolling.[8] Equitable tolling is not, however, available for "'garden variety claims of excusable neglect.'"[9]

---

[3] 28 U.S.C. § 2255(f) (2012).

[4] *See id.* § 2255(f)(1) ("The limitation period shall run from ... the date on which the judgment of conviction becomes final ...").

[5] *See id.* § 2255(f)(2) ("The limitation period shall run from ... the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action.").

[6] *See id.* § 2255(f)(3) ("The limitation period shall run from ... the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.").

[7] *See id.* § 2255(f)(4) ("The limitation period shall run from ... the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."); United States v. Brown, 305 F.3d 304, 306–07 (5th Cir. 2002).

[8] Holland v. Florida, 560 U.S. 631, 645 (2010) ("[W]e hold that § 2244(d) is subject to equitable tolling in appropriate cases.").

[9] Lookingbill v. Cockrell, 293 F.3d 256, 264 (5th Cir. 2002) (quoting Rashidi v. Am. President Lines, 96 F.3d 124, 128 (5th Cir. 1996)).

It "is permitted only 'in rare and exceptional circumstances.'"[10] Such circumstances include situations in which a movant is actively misled by the respondent "'or is prevented in some extraordinary way from asserting his rights.'"[11]  Additionally, "'[e]quity is not intended for those who sleep on their rights.'"[12]  Rather, "'[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'"[13]  Moreover, a movant has the burden of proving that he is entitled to equitable tolling.[14] In order to satisfy his burden, he must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion.[15]  Finally, "[t]he decision to invoke equitable tolling is left to the discretion of the district court" and reviewed only for an abuse of discretion.[16]

## ANALYSIS

In most cases, § 2255's limitations period begins to run when the judgment of conviction becomes final.[17]  A judgment becomes final when the applicable period for seeking direct review

---

[10] Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)).

[11] Id. (quoting Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999)).

[12] Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999) (quoting Covey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir. 1989)).

[13] Id. at 715 n.14 (quoting Pacheco v. Rice, 966 F.2d 904, 906–07 (5th Cir. 1992)).

[14] Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000).

[15] Lawrence v. Florida, 549 U.S. 327, 336 (2007).

[16] Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

[17] See Clay v. United States, 537 U.S. 522, 524 (2003) ("A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that

expires.[18] In this case, Carrillo's conviction became final on October 6, 2014, the day the Supreme Court denied his petition for a writ of certiorari.[19] Accordingly, Carrillo's time period for filing a § 2255 motion within one year after his conviction became final expired on October 6, 2015. The Court deems Carrillo's § 2255 motion filed on January 8, 2016, the day on which he signed and presumably submitted his original application for relief to prison authorities for mailing.[20] His motion is therefore untimely, and must be denied, unless another provision of § 2255 or equitable tolling applies.

Carrillo's does not allege a government-created impediment prevented him from filing his motion.[21] Further, he does assert his motion is timely because the Supreme Court initially recognized the legal predicate for his motion and made it retroactively applicable to cases on collateral review within the past year.[22] Finally, he does not claim he recently discovered the

---

generally runs from 'the date on which the judgment of conviction becomes final.'") (quoting 28 U.S.C. § 2255(f)(1)).

[18] *Id.* at 525; United States v. Gamble, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam).

[19] *See* Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."); *see also* Clay, 537 U.S. at 527 ("Finality attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."), United States v. Johnson, 457 U.S. 537, 542 n.8 (1982) (noting that a conviction is final when the availability of further appeal is exhausted).

[20] A *pro se* prisoner's habeas corpus petition is constructively filed when the prisoner delivers the papers to prison authorities for mailing to the district court. United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000) (citing Spotville v. Cain, 149 F.3d 374, 376 (5th Cir. 1998)).

[21] 28 U.S.C. § 2255(f)(2).

[22] *Id.* § 2255(f)(3).

factual predicate for his motion through the exercise of due diligence.[23]  Specifically, he does not contend he "has been pursuing his rights diligently, and . . . that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion.[24]  He merely suggests he "was unable to understand the legal details until another prisoner who has studied law for over 20 years showed me this law ... that clearly shows me that I am an [sic] United States citizen[.]"[25]  Courts reviewing § 2255 motions "have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness," and on the record in this case Carrillo falls far short of exhibiting reasonable diligence in challenging his conviction.[26]  "Further, the lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the ... statute of limitations."[27]  Accordingly, it appears that Carrillo's motion is time barred and that he is not entitled to equitable tolling.

Although the statute of limitations is typically considered an affirmative defense, a district court may raise the defense on its own motion and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."[28]  However, a district court may dismiss a

---

[23] *Id.* § 2255(f)(4).

[24] Lawrence v. Florida, 549 U.S. 327, 336 (2007).

[25] Mot. Vacate 10, Jan 20, 2016, ECF No. 42-2.

[26] Johnson v. United States, 544 U.S. 295, 311 (2005).

[27] United States v. Petty, 530 F.3d 361, 366 (5th Cir. 2008).

[28] Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4).

motion as untimely on its own initiative only after it gives fair notice to the movant and an opportunity to respond.[29]

Accordingly, the Court ordered Carrillo to show cause, on or before February 22, 2016, why it should not dismiss his instant motion as time-barred.[30] The Court advised Carrillo that his failure to comply by the date specified could result in the dismissal of the above-captioned matter for failure to prosecute.[31] The Court explained "'[t]his authority flows from the Court's inherent power to control its docket and prevent undue delays in the disposition of pending cases.'"[32] To date, Carrillo has not responded to the Court's order.

Accordingly, the Court concludes that Carrillo's motion is untimely, that he is not entitled to equitable tolling, and that the Court need not address the merits of his claims.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."[33] A certificate of appealability "may issue … only if the applicant has made a substantial showing of the denial of a constitutional right."[34] To warrant a grant of the certificate as to claims that the district court rejects solely on

---

[29] Day v. McDonough, 547 U.S. 198, 210 (2006).

[30] Order, Jan. 29, 2016, ECF No. 44.

[31] See Fed. R. Civ. P. 41(b).

[32] Order 6, Jan. 29, 2016, ECF No. 44 (quoting Boudwin v. Graystone Ins. Co., Ltd., 756 F.2d 399, 401 (5th Cir. 1985) (citing Link v. Wabash R.R. Co., 370 U.S. 626 (1962)).

[33] 28 U.S.C. § 2253(c)(1)(B) (2012).

[34] See Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to certificate of appealability determination in context of § 2255 proceedings).

procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[35] Here, reasonable jurists would not debate the Court's conclusion that Carrillo's motion is time-barred.

## CONCLUSION AND ORDERS

The Court concludes that Carrillo's motion is untimely, that he is not entitled to equitable tolling, and that the Court need not address the merits of his claims. The Court further concludes that Carrillo is not entitled to a certificate of appealability. The Court, therefore, enters the following orders:

**IT IS ORDERED** that Carrillo's motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 (ECF No. 42) is **DENIED** and his civil cause is **DISMISSED WITH PREJUDICE** as untimely.

**IT IS FURTHER ORDERED** that Carrillo is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS ALSO ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED**.

**SIGNED** this 31st day of March, 2016.

*[signature: Kathleen Cardone]*
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

---

[35] *Id.*